

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RHASHEED AMAND WILSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 2:19-cv-08038-LSC |
| ) | (2:15-cr-00366-LSC-TMP-1) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OF OPINION**

**I.   Introduction**

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, placed in the prison mail system by Petitioner Rhasheed Amand Wilson ("Wilson") on September 3, 2019. (Doc. 1.) For the reasons discussed below, the § 2255 motion is due to be denied and this action dismissed.

**II.   Background**

On January 4, 2016, Wilson pled guilty, pursuant to a written plea agreement, to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On April 27, 2016, Wilson was sentenced by this Court to a

term of imprisonment of 71 months. Judgment was entered the following day. Wilson did not appeal.

On September 3, 2019, Wilson placed in the prison mail system this § 2255 motion, seeking relief from his sentence, and it was filed by the Clerk on October 7, 2019. This is his first § 2255 motion. He filed a motion to supplement his § 2255 motion on February 3, 2020. (Doc. 2.) Then, on April 28, 2020, this Court ordered Wilson to show cause within 30 days why his motion should not be dismissed with prejudice as untimely under 28 U.S.C. § 2255(f). (Doc. 3.) Wilson timely filed a response (doc. 4), primarily arguing that his conviction should be vacated due to the United States Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In addition, Wilson also asked for this Court to appoint him counsel. (Doc. 4.)

## III. Discussion

Wilson's sole argument is that his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) should be vacated due to *Rehaif*, 139 S. Ct. 2191 (2019). Specifically, he argues that: (1) the government did not show that he both possessed a firearm *and* knew he held the relevant status as a felon when he possessed it; and (2) his indictment is not sufficient because it failed to state both elements mentioned in (1).

Wilson's motion to vacate is subject to a one-year statute of limitations from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

This Court entered judgment on April 28, 2016, and Wilson did not appeal. A federal criminal judgment that is not appealed becomes final for the purposes of § 2255 when the time for filing a direct appeal expires. *See, e.g.*, *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Therefore, Wilson's conviction became final on May 12, 2016, fourteen days after this Court entered judgment. *See* Fed. R. App. P. 4(b)(1)(A). Wilson did not file the instant motion until September 3, 2019, which is over one year after his conviction became final, thus violating the one-year limitation period found in § 2255(f)(1).

Wilson argues that because of the decision in *Rehaif* that he is "actually innocent of 922(g)(1) offense and [his] indictment is defective." (Doc. 1.) Although Wilson does not specifically speak to the timeliness of his motion, he could only potentially proceed under § 2255(f)(3) because he filed the instant motion within one year of *Rehaif* being decided on June 21, 2019. In *Rehaif*, the United States Supreme Court held that, in prosecutions pursuant to 18 U.S.C. § 922(g), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. 2191, 2194 (2019).

However, the Eleventh Circuit Court of Appeals has held that *Rehaif* did not announce a new rule of constitutional law, made retroactive to cases on collateral review. *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019)

Additionally, *Rehaif* was decided after Wilson's sentencing. When Wilson was sentenced, binding Eleventh Circuit precedent foreclosed the argument that the United States must plead and prove a defendant's knowledge of his status as a felon. *See United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997) (holding that a defendant does not have to know of his status as a felon to be convicted of knowingly possessing a firearm after a felony conviction).

While Wilson filed his § 2255 motion within one year of the issuance of *Rehaif*, the Supreme Court did not announce a new rule of constitutional law and make that rule retroactive. Ultimately, *Rehaif* does not apply retroactively to Wilson's case and Wilson's argument lacks merit. For these reasons, *Rehaif* does not entitle Wilson to the one-year limitations period in 28 U.S.C. § 2255(f)(3).

Wilson also requested that this Court appoint counsel to represent him in this action. Wilson is advised that there is no statutory or constitutional right to counsel for a § 2255 proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (no "constitutional right to counsel when mounting collateral attacks upon . . . convictions"). Section 2255(h) provides that a court *may* appoint counsel in a § 2255 proceeding, and that such appointment of counsel is governed by 18 U.S.C. § 3006A. Under § 3006A, the court may appoint counsel in a § 2255 proceeding whenever "the interests of justice so require." Upon review of the record, Wilson has failed to demonstrate that the interests of justice require this Court to appoint counsel to represent him in this action.

**IV. Conclusion**

For the foregoing reasons, Wilson's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Wilson's claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on July 1, 2020.

_____
L. Scott Coogler
United States District Judge

201416